# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **EVANGEL YHWHNEWBN** | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 5653 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| **SPENCER LEAK, SR., CPD OFFICER** | ) | |
| **ONETA SAMPSON, CPD OFFICER** | ) | |
| **DARRYL E. HOLMES, DETECTIVE** | ) | |
| **RICHARD HARRISON, F.O.I. OLIVIA** | ) | |
| **MEDINA, in their individual and official** | ) | |
| **capacities, JODY WEISS, in his official** | ) | |
| **and individual capacity, and UNKNOWN** | ) | |
| **CPD OFFICERS, HARTFORD FIRE** | ) | |
| **INSURANCE COMPANY, DETECTIVE** | ) | |
| **MICHAEL QUALLS, CPD OFFICER** | ) | |
| **JEAN M. PARKER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This suit stems from defendants' alleged failure to investigate properly an altercation between plaintiff and Archietta Shannon, an employee of Leak and Sons Funeral Chapels ("L&S"), that occurred at L&S on May 3, 2009. Plaintiff, proceeding *pro se*, sues Chicago Police Officers Oneta Sampson, Darryl E. Holmes, Richard Harrison, Olivia Medina, Michael Qualls and Jean M. Parker, former Police Superintendent Jody Weiss, Spencer Leak Sr., the owner of L&S, and Hartford Fire Insurance Company, L&S' insurer,[1] pursuant to 42 U.S.C. § 1983 for their alleged violations

---

[1] The Court grants Hartford Fire Insurance Company's motion to be substituted for "Leak's Insurance Company" in the caption of the complaint.

of her constitutional rights. Defendants have filed motions to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[2] For the reasons stated below, the Court grants the motions.

**Discussion**

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts the well-pleaded factual allegations as true and draws all reasonable inferences from them in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). However, a complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" and set forth facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges that defendants Sampson, Holmes, Harrison, Medina, Weiss and Leak conspired together and with others to deprive her of her constitutional rights by breaching their police duties, failing to perform a thorough investigation, refusing to arrest Shannon, omitting information from or putting false information in the police report and refusing to give plaintiff a copy of the report. Conspiracy is actionable under § 1983 only if it results in a constitutional violation. *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982) ("Section 1983 does not . . . punish conspiracy; an actual denial of a civil right is necessary before a cause of action arises.");

---

[2]Leak contends that the Court lacks subject matter jurisdiction because plaintiff has not stated a viable § 1983 claim against him. Because "the possibility that the averments might fail to state a cause of action" does not defeat subject matter jurisdiction, *Hagans v. Lavine*, 415 U.S. 528, 542 (1974) (quotation omitted), the Court treats the motion as one under Rule 12(b)(6).

*see Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002) (stating that a private citizen, like Leak, can be held liable under § 1983 if he conspires with a government employee to deprive plaintiff of her constitutional rights). However, the Constitution does not require defendants to comply with police department rules or procedures, give plaintiff an enforceable interest in Shannon's arrest or the accuracy of police reports or vest her with the right to obtain a police report. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Thompson v. City of Chi.*, 472 F.3d 444, 454 (7th Cir. 2006) ("[T]he violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established."); *Foley v. Vill. of Weston*, No. 06-C-350-C, 2007 WL 314465, at *3 (W.D. Wis. Jan. 29, 2007) (stating that, unlike criminal defendants, "persons who are not the subject of criminal prosecution have no . . . constitutional right to obtain police reports"); *Holly v. Boudreau*, No. 03 C 8867, 2004 WL 609282, at *3 (N.D. Ill.) ("[T]here is no constitutional right to accurate police reports."), *aff'd*, 103 Fed. Appx. 36 (7th Cir. 2004). The Constitution requires police officers to enforce the law rationally, without regard to race or personal animus, *see Tuffendsam v. Dearborn County Board of Health*, 385 F.3d 1124, 1127-28 (7th Cir. 2004), but plaintiff's allegations do not plausibly suggest that defendants did otherwise. (*See* 2d Am. Compl. ¶¶ 24, 27 (alleging, without elaboration or factual support, that Sampson acted differently in a similar situation).) In short, plaintiff has not alleged that defendants violated her constitutional rights, and thus she has not stated viable § 1983 conspiracy claims.

Even if plaintiff's conspiracy claims were otherwise actionable, the individual capacity claim against Weiss would still fail. There is no supervisory liability under § 1983. *See Wolf-Lillie v.*

3

*Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Yet plaintiff's claim against Weiss is based solely on his status as the supervisor of the other City defendants. (*See* 2d Am. Compl. ¶ 34.) Accordingly, the individual capacity claim against Weiss would not survive, even if plaintiff had stated a viable conspiracy claim against the other defendants.

The same is true for the official capacity claims plaintiff asserts against all of the City defendants. To state viable official capacity claims, plaintiff must allege that defendants violated her rights pursuant to one of the City's customs or policies. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978) ( "We conclude, therefore, that a local government may not be sued under § 1983" unless "[the] execution of [its] policy or custom . . . inflicts the injury . . . ."); *see also Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (stating that an official capacity claim against a government employee is, in essence, a claim against the government entity that employs him). Though plaintiff asserts that defendants acted in accordance with municipal policy, (*see* 2d Am. Compl. ¶¶ 28, 34), she offers no facts to support that assertion. *See McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000) (stating that a policy, within the meaning of *Monell*, is an express policy, a practice so widespread and permanent that it has the force of law or action by a person with final policymaking authority). Absent such allegations, plaintiff's official capacity conspiracy claims would fail, even if the claims were otherwise viable.

Plaintiff also alleges that Sampson violated the Fifth Amendment by failing to read plaintiff her *Miranda* rights before questioning her about the incident.[3] The *Miranda* rule is designed to

---

[3]Plaintiff alleges that Sampson's conduct violates the Fourth Amendment but, because the *Miranda* rule is grounded in the Fifth Amendment, *see Aleman v. Vill. of Hanover Park*, 662 F.3d 897, 905 (7th Cir. 2011), *cert. denied*, *Micci v. Aleman*, 80 U.S.L.W. 3702 (June 25, 2012), the Court construes this as a Fifth Amendment claim. *See Nat'l Acceptance Corp. of Am. v. Bathalter*, 705 F.2d 924, 927 (7th Cir. 1983) (noting that "[t]he Fifth Amendment privilege

safeguard the Fifth Amendment right against self-incrimination, but the failure to follow *Miranda* is not, by itself, a constitutional violation. *Chavez v. Martinez*, 538 U.S. 760, 772 (2003). Moreover, a Fifth Amendment violation "occurs only if one has been compelled to be a witness against himself in a criminal case." *Id.* at 770. Because plaintiff does not allege that she was required to incriminate herself in any proceeding, she has not stated a § 1983 Fifth Amendment claim.

That leaves defendants Qualls, Parker and Hartford. The complaint says nothing about Qualls and Parker, and nothing actionable about Hartford. (*See* 2d Am. Compl. ¶¶ 35, 37 (alleging "[w]hether [Hartford] filed a claim regarding the crime of battery occurring on May 3, 2009, when an unnamed ambulance was called to the site of Leak and Sons" and "[w]hether [Hartford] filed a claim with Perpetrator Shannon as the Claimant").) Accordingly, the claims against these defendants are dismissed. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").

---

against self-incrimination was deemed incorporated into the Fourteenth Amendment, and thus made applicable against the states").

**Conclusion**

For the reasons set forth above, the Court grants Hartford's motion to amend the caption of the complaint [86] and grants defendants' motions to dismiss the second amended complaint [72, 76 & 87]. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend her complaint – for the last time – to state viable claims. If she fails to do so, the Court will dismiss this suit with prejudice.

**SO ORDERED.**                           **ENTERED: July 26, 2012**

                                                   _____
                                                   **HON. RONALD A. GUZMAN**
                                                   **United States District Judge**