# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5653 | **DATE** | 11/27/2012 |
| **CASE TITLE** | *YHWHnewBN v. Leak, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants the defendants' motions to dismiss in part as to the federal claims [110, 113]. The dismissal with respect to the federal claims is with prejudice while the court declines to exercise supplemental jurisdiction over any sate law claims against Leak. The case is terminated and the clerk is directed to enter a Rule 58 judgment.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

This suit stems from defendants' alleged failure to investigate properly an altercation between plaintiff and Archietta Shannon, an employee of Leak and Sons Funeral Chapels ("L&S"), that occurred at L&S on May 3, 2009. In her third amended complaint ("TAC"), Plaintiff, proceeding *pro se*, sues Chicago Police Officer Oneta Sampson, former Police Superintendent Jody Weis, the City of Chicago (collectively referred to as "City Defendants"), Spencer Leak Sr., the owner of L&S, and unknown parties pursuant to 42 U.S.C. § 1983 for their alleged violations of her constitutional rights. Plaintiff also appears to allege state law claims against Leak. Defendants have filed motions to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] For the reasons stated below, the Court grants the motions.

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts the well-pleaded factual allegations as true and draws all reasonable inferences from them in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). However, a complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" and set forth facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges that while attending a radio broadcast at Leak & Sons funeral home, a security guard at the home, Archietta Shannon, assaulted her. (TAC, Dkt. # 107, ¶ 13.) Plaintiff further alleges that Officer Sampson refused to investigate the alleged assault and that former Police Superintendent Weis and the City of Chicago "carried out a widespread municipal practice to obstruct justice by withholding police reports and preventing the investigation of the crime against YHWHnewBN in a similarly situated situation." (*Id.* ¶¶ 24, 30-33.) She also alleges that Weis "abused his authority to prevent liability against Leak with the widespread practice of not allowing the Freedom of Information under his control to release evidence necessary for constitutional rights." (*Id.* ¶ 26.) Further, she alleges that all of the defendants, including Leak, "act[ed] in common design and violation of the 14th Amendment [that] resulted in [Plaintiff's] denial of due process for

loss of her usual pursuits of happiness," among other things. (*Id.* ¶ 34.) Finally, Plaintiff also appears to implicate Leak in state law tort claims. (*Id.* ¶ 22, "Leak was present [at the time of the assault] and knowingly allowed his security, on his behalf, to unlawfully bully, batter, restrain and damage the property of an invited guest by breaking her eyeglasses, without any provocation"; Resp. Mot. Dismiss, Dkt. # 126, ¶ 14, "Leak was not asked to prosecute Shannon but he had a duty to provide reasonable medical services when a[n] invitee is on his premises and his security caused unlawful physical, property and restraint from liberty injuries in a licensed business location open to the public").

As to the conspiracy claim, conspiracy is actionable under § 1983 only if it results in a constitutional violation. *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982) ("Section 1983 does not . . . punish conspiracy; an actual denial of a civil right is necessary before a cause of action arises."); *see Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002) (stating that a private citizen, like Leak, can be held liable under § 1983 if he conspires with a government employee to deprive plaintiff of her constitutional rights). However, the Constitution does not require the City Defendants to comply with police department rules or procedures, give Plaintiff an enforceable interest in Shannon's arrest or the accuracy of police reports or vest her with the right to obtain a police report. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Thompson v. City of Chi.*, 472 F.3d 444, 454 (7th Cir. 2006) ("[T]he violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established."); *Foley v. Vill. of Weston*, No. 06-C-350-C, 2007 WL 314465, at *3 (W.D. Wis. Jan. 29, 2007) (stating that, unlike criminal defendants, "persons who are not the subject of criminal prosecution have no . . . constitutional right to obtain police reports"); *Holly v. Boudreau*, No. 03 C 8867, 2004 WL 609282, at *3 (N.D. Ill.) ("[T]here is no constitutional right to accurate police reports."), *aff'd*, 103 Fed. Appx. 36 (7th Cir. 2004).[2]

Nor has Plaintiff stated a claim for an equal protection violation. The Constitution requires police officers to enforce the law rationally, without regard to race or personal animus. *Tuffendsam v. Dearborn Cty. Bd. of Health*, 385 F.3d 1124, 1127-28 (7th Cir. 2004). Although not entirely clear, it appears that Plaintiff alleges that she was not provided police reports based on her race. (TAC, Dkt. # 107, ¶ 28.) ("Statistics reveal that 88% of persons arrested and requesting police reports are Indigenous Members of the Subjugated Race and depriving them of equal access to justice"). As an initial matter, Plaintiff does not allege that she is a member of a protected group or that she was arrested. Moreover, she fails to provide any facts in support of her general allegation that she was treated differently because of her race. Thus, the claim fails on this ground.

Plaintiff may also be alleging a class-of-one equal protection claim when she states that "Sampson was investigating Shannon as the victim but refused to investigate YHWHnewBN as a victim in a similarly situated situation." (TAC, Dkt. # 107, ¶ 32.) To the extent that Plaintiff is alleging a claim based on Sampson's failure to investigate a crime of battery against Shannon, as already noted, Plaintiff has no judicially cognizable interest in whether Shannon was prosecuted for purportedly attacking her. *Linda R.S.*, 410 U.S. at 619. As recently stated by Judge Easterbrook, the Supreme Court's statement in *Linda R.S.* "is a limit on standing; *Linda R.S.* holds that there is no justiciable controversy, which knocks out *all* substantive legal theories." *Del Marcelle v. Brown Cty. Corp.* 680 F.3d 887, 901 (7th Cir. 2012) (Easterbook, J., concurring) (emphasis in original). Plaintiff must show "how [s]he was injured by what the defendants did *to* [her], rather than by what they didn't do to other people or what they didn't do *for* h[er]." *Id.* (Easterbrook, J., concurring) (emphasis in original). Plaintiff's attempt to restate her claim as one based on the City's or Sampson's failure to investigate her as a victim rather than a suspect is unavailing as it is simply the flipside of the argument that is not permissible under *Linda R.S. Id.* at 916 (Wood, J. concurring) ("This court has, it is true, held that no class-of-one claim is possible for a person who wants to complain, essentially, about prosecutorial discretion.") (citing *United States v. Moore*, 543 F.3d 891 (7th Cir. 2008)).

Moreover, while Plaintiff makes reference to a due process claim based on the "loss of her usual

| STATEMENT |
|---|

pursuits of happiness as a community activist, . . . physical and emotional distress, alienation of affection, slander to her reputation and restrictions on her liberty" (TAC, Dkt. #107, ¶ 34), she has not identified or alleged any facts in support of a constitutionally-protected liberty or property interest. *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005) (to establish due process claim under § 1983, a plaintiff must first establish that she was deprived of a constitutionally protected interest in life, liberty or property). In short, Plaintiff has not alleged that the City Defendants and/or Leak violated her constitutional rights, and thus she has not stated a viable § 1983 conspiracy claim.

Even if Plaintiff's conspiracy claims were otherwise actionable, the individual capacity claim against Weis would still fail. There is no supervisory liability under § 1983. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Yet Plaintiff's claim against Weis is based solely on his status as the supervisor of the other City Defendants and not any personal involvement. (TAC, Dkt. # 107, ¶ 33.) Accordingly, the individual capacity claim against Weis would not survive, even if Plaintiff had stated a viable conspiracy claim against the other City Defendants.

The same is true for the official capacity claims Plaintiff asserts against all of the City Defendants. To state viable official capacity claims, Plaintiff must allege that defendants violated her rights pursuant to one of the City's customs or policies. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978) ("We conclude, therefore, that a local government may not be sued under § 1983" unless "[the] execution of [its] policy or custom . . . inflicts the injury . . . ."); *see also Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (stating that an official capacity claim against a government employee is, in essence, a claim against the government entity that employs him). Though Plaintiff asserts that the City Defendants acted in accordance with municipal policies by failing to give her information she requested, failing to prosecute Shannon for committing a battery against her and denying her right to due process (*see* TAC, Dkt. # 107, ¶¶ 24, 33; Resp. Mot. Dismiss, Dkt. # 126 at 4-5), Plaintiff offers no facts to support her *Monell* claims. *See McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000) (stating that a policy, within the meaning of *Monell*, is an express policy, a practice so widespread and permanent that it has the force of law or action by a person with final policymaking authority). Absent such allegations, Plaintiff's official capacity conspiracy claims would fail, even if the claims were otherwise viable.

Because Plaintiff has not properly alleged a constitutional claim for conspiracy, Leak must be dismissed as a defendant. To the extent that Plaintiff may also be alleging some type of state law tort liability against Leak, a private citizen, for injuries she sustained on his property or under a theory of *respondeat superior* liability, the Court declines to exercise supplemental jurisdiction over such claims. Plaintiff has been provided four opportunities to properly plead her federal claims but has failed to do so. Therefore, the dismissal of her federal claims is with prejudice.

1. Leak contends that the Court lacks subject matter jurisdiction because plaintiff has not stated a viable § 1983 claim against him. Because "the possibility that the averments might fail to state a cause of action" does not defeat subject matter jurisdiction, *Hagans v. Lavine*, 415 U.S. 528, 542 (1974) (quotation omitted), the Court treats the motion as one under Rule 12(b)(6).

2. To the extent that Plaintiff also asserts a claim under the federal Freedom of Information Act, 5 U.S.C. § 552, it is not applicable to the City of Chicago or its agencies. 5 U.S.C. § 551.